RECEIVED
IN LAKE CHARLES, LA
SEP 13 2012
TONY R. MOORE, CLERK
BY _____ PM
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL 112 PENSION TRUST FUND | : | DOCKET NO. 2:10 CV 00144 |
| VS. | : | JUDGE MINALDI |
| CHARLES GEORGE | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion for Costs and Attorney's Fees [Doc. 31], filed by the plaintiff, Insulators and Asbestos Workers Local 112 Pension Trust Fund ("Insulators"). The plaintiff motions this Court to order the defendant, Charles George, to pay additional costs and attorney's fees accrued in collection efforts to seek the amount awarded in the Judgment of Default [Doc. 9]. The plaintiff avers that its costs and attorney's fees have exceeded the amount awarded in the Default Judgment on August 4, 2010. The defendant did not file a Response.

## LAW & ANALYSIS

The Insulators Pension Fund is governed by ERISA. *See* 29 U.S.C. § 1002(2)(A) (defining ERISA "pension plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization. . . ."). Under

1

ERISA Section 502(g)(1), a court has discretion to award reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(1).

Determining the amount of reasonable attorney's fees is a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.*

The fee applicants bear the burden of demonstrating the number of hours expended and the reasonableness of the rate charged. *Id.* Additionally, the fee applicants must prove that they exercised billing judgment, which requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 799 (5th Cir. 2006). If the court finds billing judgment lacking, it must reduce the award by a percentage "intended to substitute for the exercise of billing judgment." *Id.*

The instant action arose out of misappropriation of pension funds by the defendant, Mr. Charles George, son of Louise George, the pensioner/beneficiary of the Insulators Pension Fund.[1] After Louise George died, Mr. George failed to notify the Pension Fund Office of her death and continued to collect $571.12 per month from the fund from 2002 to 2009, accruing $47,402.96 in pension fund overpayments.[2] Insulators won a Default Judgment in this court for of $64,322.11

---

[1] Pl.'s Mot. for Default J. [Doc. 6], pg. 1.

[2] Mem. in Supp. of Pl's Mot. For Default J., [Doc. 6-1], pg. 2.

2

on August 4, 2010.[3] It was able to collect $48,000.00 from Mr. George eventually, after two attempts at garnishment, but in the process accrued an additional $16,320.00 in attorney's fees and $6,874.56 in costs.[4]

Insulators is represented by Paula Bruner. Ms. Bruner submitted an affidavit claiming that, at the time of Default Judgment, attorney's fees were $14,540.00 (for time billed by another attorney in her firm at $200/hour) plus the cost of litigation, $861.42.[5] She further alleges that after the Default Judgment, she made efforts beginning in October 2010 to collect on the Judgment from Mr. George[6]. She filed a Motion for Garnishment[7] and Writ of *Fieri Facias*[8] to collect from Mr. George's bank accounts, but was unable to locate any bank accounts to satisfy the Judgment.[9] On August 24, 2011, Ms. Bruner filed a second Motion for Garnishment to seize Mr. George's movable property,[10] which this Court granted.[11] She subsequently seized $48,000 worth of property from Mr. George, leaving a balance on the Default Judgment of $16,322.11.[12] Ms. Bruner alleges that since the August 4, 2010 Default Judgment, she has accumulated $16,320.00 in additional attorney's fees and $6,874.56 in costs, in attempting to collect on Mr.

---

[3][Doc. 9].

[4]Pl.'s Mem. in Supp. of Mot. for Costs and Att'y Fees [Doc. 31-3], pg. 2.

[5]Bruner Aff. [Doc. 31-1], pg. 2.

[6]*Id.*

[7][Doc. 10], [Doc. 11].

[8][Doc. 12].

[9][Doc. 31-1], pg. 2.

[10][Doc. 20].

[11][Doc. 21].

[12][Doc. 31-1], pg. 2.

George's property, for a total of $23,194.56 in additional fees and costs.[13] Ms. Bruner attached a billing invoice to the instant Motion which documented her billing and costs on the instant case since August 4, 2010.[14]

Turning to the invoice and affidavit filed in this case, the court must first determine whether the number of hours spent by Ms. Bruner was reasonable, and whether the itemized list of costs is reasonable. The defendant, having not filed a Response brief, does not offer any evidence that Ms. Bruner billed her client for excessive, duplicative, or unproductive hours or costs. Having reviewed Ms. Bruner's affidavit and billing statement, this court finds that Ms. Bruner acted in good faith and her actions were justified. Accordingly, this court bases its award on the hours set forth in the itemized statements submitted by the plaintiff in the record. The undersigned also finds that the hourly rate of $200.00 per hour for Ms. Bruner (which the defendant has also not contested) is reasonable given Ms. Bruner's ability and experience, and based on comparable rates in this jurisdiction.[15]

---

[13] *Id.*

[14] Pl.'s Ex. A for Mem. in Supp. of Mot. For Costs and Att'y Fees [Doc. 31-2].

[15] Additionally, the undersigned notes that the hourly rate of $200/hour is consistent with the hourly rate originally used to calculate attorney's fees in the Default Judgment. *See* Ex. C-3 of Mem. in Supp. of Pl.'s Mot. for Default, [Doc. 6-2] pg. 22-25.

## CONCLUSION

Multiplying the reasonable amount of time (82.1 hours) by the reasonable hourly rate of $200 per hour, the lodestar calculation yields an award in favor of Insulators in the amount of $16,320.00, which the court will add to the reasonable additional costs of $6,875.56. Accordingly, the motion will be granted, and judgment will be entered against Charles George and in favor of Insulators for an additional amount of $23,194.56 in reasonable attorney's fees and costs incurred as a result of Insulator's attempts to collect on its original Default Judgment.

Lake Charles, Louisiana, this 13 day of Sept 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE